IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BRANDIE MCMILLAN,                    §
                                     §
          Plaintiff,                 §
                                     §
V.                                   §          No. 3:12-cv-4729-N-BN
                                     §
CAROLYN W. COLVIN,                   §
Acting Commissioner of Social Security,  §
                                     §
          Defendant.                 §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This action to review the final decision of the Commissioner of Social Security

has been referred to the undersigned magistrate judge pursuant to Title 28, United

States Code, Section 636(b).

In a January 25, 2013 Order Directing Filing of Briefs [Dkt. No. 15], the Court

ordered Plaintiff, who is proceeding *pro se*, to, by March 26, 2013, serve and file a brief

setting forth all errors that Plaintiff contends entitle Plaintiff to relief. More than a

month after this deadline, Plaintiff had not filed her opening brief. The Court cannot

proceed with this case and review the Commissioner's decision until Plaintiff files her

opening brief.

The Court therefore issued a May 1, 2013 Notice of Deficiency and Order, in

which the Court explained that it "will give Petitioner one more chance to file the

required brief and hereby ORDERS that Plaintiff file the brief required by its January

25, 2013 Order Directing Filing of Briefs by **June 3, 2013**." Dkt. No. 16 at 1. The

Court's order further provided that "Plaintiff is warned that failure to comply with this

order may result in the imposition of sanctions, including dismissal of Plaintiff's action for want of prosecution pursuant to Fed. R. Civ. P. 41(b) if – absent any response from Petitioner to the Court's orders – the Court determines that imposition of lesser sanctions would be futile." *Id.* at 1-2.

Plaintiff did not respond to this order or file the required brief by June 3, 2013. More than three months later, Plaintiff still has made no further filing with the Court of any kind. All of the Court's orders and notices have been mailed to Plaintiff, and none of those mailings have been returned as undeliverable.

Because Plaintiff has failed to respond to the Court's orders or otherwise file the required brief in support of her claims, the undersigned now recommends that the Court dismiss the action for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

### Legal Standards

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. *See* FED. R. CIV. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *See id.* at 880; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

-2-

### Analysis

During the past five months, Plaintiff has twice failed to respond to the Court's orders. She has failed to submit a brief setting forth the errors that she contends entitle her to relief and has ignored the Court's Notice of Deficiency and Order, despite the Court's warning that her failure to respond may result in the dismissal of her case. Since the Commissioner filed an Answer, Plaintiff has failed to file any document or take any action that would indicate that she intends to pursue this case. Indeed, Plaintiff has not made any filing or taken any action in this case since her opening filings on November 19, 2012, *see* Dkt. Nos. 3, 4, & 5, and, because of the brevity and ambiguity of her Complaint, it is impossible for the Court to determine the basis for her claims, *see* Dkt. No. 3.

The undersigned concludes from these facts that Plaintiff no longer wishes to pursue her claims. In short, by her inaction, Plaintiff has "demonstrate[d] a manifest lack of interest in litigating [her] claims." *Godley v. Tom Green Cnty. Jail*, No. 6:11-cv-24-C-BL, 2011 WL 7461630, at *1 (N.D. Tex. Nov. 7, 2011), *rec. adopted*, 2012 WL 724650 (N.D. Tex. Mar. 6, 2012). A Rule 41(b) dismissal of Plaintiff's case is warranted under these circumstances, and the undersigned concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time, if ever, as Plaintiff decides to comply with the Court's orders and file the brief necessary for the Court to adjudicate her claims.

This action should be dismissed for Plaintiff's failing to prosecute and failing to comply with the Court's orders. *Accord Davis v. Colvin*, No. 3:13-cv-3730-B-BF, 2013

WL 1499379 (N.D. Tex. Mar. 12, 2013), *rec. adopted*, 2013 WL 1501617 (N.D. Tex. Apr. 12, 2013) (citing cases).

## Recommendation

The Court should dismiss Plaintiff's complaint without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 13, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE